**Dismissed and Opinion Filed April 18, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00128-CV**

**WARREN KENNETH PAXTON, JR., Appellant**
**V.**
**COMMISSION FOR LAWYER DISCIPLINE, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-02574-2022**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Nowell

The Commission for Lawyer Discipline filed a disciplinary action against
Warren Kenneth Paxton, Jr.; Paxton is the Attorney General of Texas. In response,
Paxton filed a plea to the jurisdiction asserting the Commission's suit violates the
separation-of-powers doctrine and is barred by sovereign immunity. The trial court
denied Paxton's plea to the jurisdiction, and Paxton filed this interlocutory appeal
pursuant to Texas Civil Practice and Remedies Code Section 51.014(a)(8). The
Commission then filed a motion to dismiss on the ground that this Court lacks

jurisdiction to consider the appeal. We agree. We dismiss Paxton's interlocutory appeal for lack of jurisdiction.

### A.    Jurisdiction over Interlocutory Appeals

Jurisdiction is a question of law we review de novo. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). The civil practice and remedies code permits an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). Paxton is not a "governmental unit as that term is defined in Section 101.001." *See id.* § 101.001. However, the supreme court has concluded that when a state official is sued in their official capacity, they may appeal from an interlocutory order that denies a plea to the jurisdiction in the same manner as their employing governmental unit. *See Koseoglu*, 233 S.W.3d at 844–45 (discussing TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8)). The supreme court explained:

> When a state official files a plea to the jurisdiction, the official is invoking the sovereign immunity from suit held by the government itself. It is fundamental that a suit against a state official is merely "another way of pleading an action against the entity of which [the official] is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L. Ed. 2d 114 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978)); *see also Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001). A suit against a state official in his official capacity "is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166, 105 S.Ct. 3099 (emphasis in original). Such a suit actually seeks to impose liability against the governmental unit rather than on the individual specifically named and "is, in all respects other than name, . . . a suit against the

–2–

entity." *Id.*; *see also Tex. Natural Res. Conservation Comm'n v. IT– Davy*, 74 S.W.3d 849, 855–56 (Tex. 2002).

*Koseoglu*, 233 S.W.3d at 844.

Therefore, to resolve whether we have jurisdiction over this interlocutory appeal, we must determine whether the Commission's suit against Paxton is, for all practical purposes, a suit against the Office of the Attorney General itself. Paxton argues the Commission's disciplinary action is an act against him in his official capacity; the Commission disagrees.

### B.    Commission's Allegations against Paxton

The Commission's Original Disciplinary Petition states the Commission brings the disciplinary action against Paxton pursuant to the State Bar Act, the Texas Government Code, the Disciplinary Rules of Professional Conduct, and the Texas Rules of Disciplinary Procedure.

The Commission alleges Paxton filed a case styled *State of Texas v. Commonwealth of Pennsylvania, State of Georgia, State of Michigan, and State of Wisconsin* in the Supreme Court of the United States on December 7, 2020 ("*Texas v. Pennsylvania*"). In *Texas v. Pennsylvania*, the State of Texas allegedly asked the Supreme Court to enjoin the "Defendant States' use of the 2020 election results for the Office of President to appoint presidential electors to the Electoral College" and sought to prevent those states from "meeting for purposes of the electoral college pursuant to 3 U.S.C. §5, 3 U.S.C. §7, or applicable law pending further order."

The Commission's petition alleges Paxton made "dishonest" representations to the Supreme Court in *Texas v. Pennsylvania*. Those alleged misrepresentations are that: "1) an outcome determinative number of votes were tied to unregistered voters; 2) votes were switched by a glitch with Dominion voting machines; 3) state actors 'unconstitutionally revised their state's election statutes'; and 4) 'illegal votes' had been cast that affected the outcome of the election." The Commission claims the "allegations were not supported by any charge, indictment, judicial finding, and/or credible or admissible evidence, and [Paxton] failed to disclose to the Court that some of his representations and allegations had already been adjudicated and/or dismissed in a court of law." Further, the Commission's petition alleges, Paxton "misrepresented that the State of Texas had 'uncovered substantial evidence . . . that raises serious doubts as to the integrity of the election process in Defendant States,' and has standing to bring these claims before the United States Supreme Court."

The Commission pleads that Paxton's actions in *Texas v. Pennsylvania* constitute professional misconduct and violate Rule 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct. The petition alleges venue is proper in Collin County, Texas, pursuant to Texas Rule of Disciplinary Procedure Rule 3.03 because Collin County is the county of Paxton's principal place of practice. The Commission requests a judgment of professional misconduct be entered against Paxton.

### C.    Attorney Discipline

The Supreme Court of Texas supervises the conduct of attorneys admitted to practice in Texas. TEX. GOV'T CODE ANN. § 81.072(a). To advance this power, the Texas Legislature enacted the State Bar Act, which, among other things, created the State Bar of Texas to aid the supreme court in regulating the practice of law, including overseeing attorney discipline. *See id*. §§ 81.001–.0156.

The Commission is a standing committee of the State Bar that administers the Texas attorney-discipline system. *See id*. § 81.076. Every attorney admitted to practice in Texas, including those representing a government agency, is subject to the Texas Disciplinary Rules of Professional Conduct and Texas Rules of Disciplinary Procedure, both promulgated by the Texas Supreme Court. *See id*. § 81.072(b), (d); *see also id*. § 81.071 ("Each attorney admitted to practice in this state . . . is subject to the disciplinary and disability jurisdiction of the supreme court and the Commission for Lawyer Discipline, a committee of the state bar."). The Texas Rules of Disciplinary Procedure state "minimum standards of conduct below which no lawyer can fall without being subject to disciplinary action." TEX. DISCIPLINARY R. PROF'L CONDUCT Preamble: A Lawyer's Responsibilities (7).

### D.    Analysis

The Commission asserts Paxton is an attorney licensed by the State Bar of Texas, and his conduct, as an attorney, is subject to the Texas Rules of Disciplinary Procedure and the Texas Disciplinary Rules of Professional Conduct. *See Comm'n*

*for Law. Discipline v. Hall*, No. 07-18-00336-CV, 2020 WL 4299115, at \*1 (Tex. App.—Amarillo July 23, 2020, no pet.) (order on rehearing); *see also* TEX. GOV'T CODE ANN. §§ 81.071, 81.072(d). The Commission alleges Paxton violated Rule 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct, which provides that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. TEX. DISCIPLINARY R. PROF'L CONDUCT 8.04(a)(3), *reprinted in* TEX. GOV'T. CODE ANN., tit. 2, subtit. G, app. A. The Commission's petition lists the alleged misrepresentations that Paxton, acting as a licensed attorney, made in violation of Rule 8.04(a)(3).

The Commission's role as the administrator of the Texas attorney-discipline system coupled with the substance of the Commission's allegations demonstrate Paxton, individually, is the subject of the lawsuit; the Commission's suit does not seek to impose any penalty on the Office of the Attorney General of Texas. *See Comm'n for Law. Discipline v. Webster*, 676 S.W.3d 687, 701 (Tex. App.—El Paso 2023, pet. filed). For example, the Commission seeks "a judgment of professional misconduct" against Paxton, "something that affects only his license to practice law in Texas and has no effect on the State" and would not control state action. *See id.* Further, the Commission filed its petition in the county of Paxton's principal place of practice in accordance with Rule 3.03 of the Texas Rules of Disciplinary Procedure. *See* TEX. RULES DISCIPLINARY P. 3.03, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A-1.

The focus of the Commission's allegations is squarely on Paxton's alleged misconduct—not that of the State. In the Commission's disciplinary proceeding against Paxton, the State is not the real party in interest. *See Koseoglu*, 233 S.W.3d at 844. The Commission's suit does not seek to impose liability against the governmental unit; it seeks disciplinary measures against Paxton individually as a licensed attorney for alleged misrepresentations made to the Supreme Court of the United States. *See id.* The Commission's suit cannot be considered a "suit against the entity," the Office of the Attorney General, in any respect. *See id.*

In his brief, Paxton argues the Commission seeks to discipline him for filing *Texas v. Pennsylvania* and asserts "the decision to file *Texas v. Pennsylvania* was a core (albeit controversial) exercise of the Attorney General's sole prerogative to represent the State in civil matters before a court of last result." He contends he could have filed the pleadings in *Texas v. Pennsylvania* only as a member of the Attorney General's office and, thus, the Commission's disciplinary action arises from his "exercise of his discretionary constitutional and statutory authority to file a lawsuit in the State's name that he believes to be in the State's best interest" and from his "assessment of the facts, evidence, and law at the time he filed the lawsuit," at issue. We disagree. The Office of the Attorney General's discretion to file a suit is not at issue in this action; nothing in the Commission's disciplinary proceedings challenges Paxton's decision to *file* the suit. *See generally Webster*, 676 S.W.3d at 698. Instead, the Commission's allegations relate to specific alleged misrepresentations *within* the

*Texas v. Pennsylvania* pleadings, which the Commission contends violate Rule 8.04(a)(3). *See id.*

Regulating the practice of law in Texas and maintaining minimum standards of conduct for its attorneys does not control state action or implicate the sovereign's liability for filing any particular suit, including *Texas v. Pennsylvania*. Nor does such regulation and maintenance restrain the attorney general's or his office's performance of official duties that are within their legal authority and discretion. The question here is not whether Paxton acted without legal authority or beyond the discretion afforded to him under the government code in filing suit or in framing the State's pleading; it is whether Paxton's alleged conduct—intentionally misrepresenting facts to a court as an officer of the court—fell below the minimum standards applicable to all attorneys under the Disciplinary Rules of Professional Conduct.

The Disciplinary Rules apply to all lawyers in Texas, specifically including government lawyers such as the attorney general. The Rules expressly state that they do not abrogate the attorney general's authority. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT, preamble ¶ 13. The Rules further state that compliance depends, in part, on enforcement through disciplinary proceedings when necessary. *See id.* ¶ 11. Subjecting Paxton to disciplinary proceedings does not violate separation of powers; immunizing him does.

The substance of the Commission's claims and the relief sought demonstrate the disciplinary action is not against Paxton in his official capacity. Rather, it is against Paxton in his capacity as a Texas-licensed lawyer and an officer of the legal system; a legal system that obliges lawyers to maintain the highest standards of ethical conduct but subjects them to discipline when they fall below certain minimum standards necessary to preserve an open society founded on the rule of law. Paxton "is not exempt from the judiciary's constitutional obligation to regulate the practice of Texas attorneys simply because he serves" as the Attorney General. *Webster*, 676 S.W.3d at 699. We agree with the court in *Webster*: "No amount of discretion in representing the State in civil litigation would permit an executive-branch attorney to bypass the Commission's disciplinary process if he engaged in alleged professional misconduct." *Id.* at 698.

### E.    Conclusion

We conclude the Commission's suit is against Paxton in his individual rather than official capacity. Accordingly, we lack jurisdiction to consider Paxton's appeal from an interlocutory order denying his plea to the jurisdiction because the civil practice and remedies code does not expressly permit his interlocutory appeal. We dismiss the appeal for lack of jurisdiction.

|  | /Erin A. Nowell// |
| --- | --- |
| 230128f.p05 | ERIN A. NOWELL |
| J. Miskel, dissenting | JUSTICE |



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WARREN KENNETH PAXTON, JR., Appellant

No. 05-23-00128-CV          V.

COMMISSION FOR LAWYER DISCIPLINE, Appellee

On Appeal from the 471st Judicial District Court, Collin County, Texas Trial Court Cause No. 471-02574-2022.
Opinion delivered by Justice Nowell. Justices Miskel and Kennedy participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 18th day of April, 2024.